UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
             :
BUILDING SERVICE 32BJ HEALTH FUND   :
and BUILDING SERVICE 32BJ LEGAL     :
SERVICES FUND,                :
            Plaintiffs,   :        14-CV-9683 (JPO)
                :
       -v-            :      OPINION AND ORDER
                :
TEAM CLEAN, INC.           :
           Defendant.  :
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      Plaintiffs, Building Service 32BJ Health Fund and Building Service 32BJ Legal Services

Fund (the "Funds"), bring this action against Defendant, Team Clean, Inc. ("Team Clean"), for

breach of contract and violation of § 515 of the Employee Retirement Income Security Act of

1974, 29 U.S.C. § 1145 ("ERISA").  Now before the Court is Team Clean's motion for a more

definite statement pursuant to Federal Rule of Civil Procedure 12(e).  For the reasons that follow,

Team Clean's motion is granted.

I.     **Background**

    A.    **Factual Background**

      The Funds describe themselves as "jointly-administered, multi-employer, labor-

management trust Funds established and maintained pursuant to various collective bargaining

agreements."  (Dkt. No. 1 ("Compl.") ¶ 4.)  They collect monetary contributions under those

agreements from employers on behalf of the Service Employees International Union, Local 32BJ

(the "Union"); invest and maintain those funds; and use the funds to provide health benefits and

legal services to eligible employees.  (*Id.*)

Team Clean, the Funds allege, is a party to a collective bargaining agreement with the Union—which the Complaint refers to as "the Agreement," but does not specifically identify— and was required thereunder to make monetary contributions to the Funds for Team Clean's employees. (*Id.* ¶ 6.)  The Funds contend that, between January 2008 and October 2014, Team Clean "failed and refused to pay the full benefit contributions due to the Funds" under the Agreement. (*Id.* ¶ 8.)  Team Clean's total delinquency under the Agreement is alleged to be approximately $90,637.39. (*Id.*)

The Funds assert two causes of action.  First, they claim that by not making the required contributions to the Funds, Team Clean has breached the Agreement, to which the Funds are third-party beneficiaries. (*Id.* ¶¶ 8–10.)  Second, the Funds claim that, by failing to adhere to the terms of the Agreement, Team Clean has also violated § 515 of ERISA, 29 U.S.C. § 1145.[1] (*Id.* ¶¶ 12–16.)  The Funds argue that they are entitled to the unpaid benefit contributions, plus statutory damages, interest, and reasonable attorney's fees and costs incurred in this action. (*Id.* ¶ 15.)

**B.   Procedural History**

The Funds filed the Complaint on December 9, 2014.  (Dkt. No. 1.)  Team Clean filed a motion for a more definite statement on May 6, 2015.  (Dkt. No. 11.)  The Funds filed an opposition on May 11 (Dkt. No. 13), and Team Clean replied on May 18 (Dkt. No. 16).

---

[1] That section of ERISA states, in relevant part: "Every employer who is obligated to make contributions to a multiemployer plan . . .  under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of . . . such agreement."  29 U.S.C. § 1145.

## II.      Legal Standard

Federal Rule of Civil Procedure 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A 12(e) motion is appropriate in narrow circumstances, namely, where a pleading is "sufficiently intelligible for the district court to make out one or more potentially viable legal theories on which the claimant might proceed"—thus precluding dismissal under Rule 12(b)(6)—but where the pleading is "so vague or ambiguous that the opposing party cannot respond to it . . . with a pleading that can be interposed in good faith or without prejudice to himself." *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439, 443 (S.D.N.Y. 2005) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 at 311 (3d ed. 2004)). Rule 12(e) "is designed to remedy unintelligible pleadings, not to correct for lack of detail." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 233 F.R.D. 133, 134 (S.D.N.Y. 2005) (hereinafter "*MTBE*") (quoting *Dunlop–McCullen v. Local 1–S RWDSU–AFL–CIO,* 94-CV-1254 (JSM), 1994 WL 478495, at *1 (S.D.N.Y. Sept. 1, 1994)) (internal quotation marks omitted). The party seeking the more definite statement is required to point out the flaws in the pleading and the details sought. Fed. R. Civ. P. 12(e).

## III.     Discussion

Team Clean's violation of the Agreement—a collective bargaining agreement with the Union, to which the Funds are third-party beneficiaries—is at the heart of both of the Funds' causes of action. But the Funds do not identify, either in the Complaint or in their opposition to Team Clean's motion, the "Agreement" that gives rise to the claims they bring. Nor does the Complaint discuss the nature of Agreement, the date upon which the claimed amount became

due under the Agreement, the worksites involved, or any other details by which Team Clean might distinguish the Agreement to which the Complaint refers from any other contracts to which it is a party.  Without this information, the Complaint is unreasonably vague.  *See 555 M Mfg., Inc. v. Calvin Klein, Inc.*, 13 F. Supp. 2d 719, 724 (N.D. Ill. 1998) ("To survive a Rule 12(e) motion on a contract claim, the plaintiff must recite the relevant agreement, the basic contents of that agreement, and the pertinent parties." (citing *Moore v. Fidelity Fin. Servs., Inc.*, 869 F. Supp. 557, 560 (N.D. Ill. 1994))).  While "[t]he preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings," *MTBE*, 233 F.R.D. at 135, the vagueness here has the capacity to be prejudicial: without knowing the contract under which it is being sued, Team Clean is unable to explore and assert any relevant defenses, counterclaims, and third-party claims.[2]

The Funds claim to have satisfied the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), but whether the Complaint states a claim sufficient to survive a motion under Rule 12(b)(6) is not the issue before the Court.  Even if the Complaint states a viable legal theory upon which the Funds' claims can proceed, it is insufficiently intelligible, as currently formulated, to meet the requirements of Federal Rule 8.

## IV.    Conclusion

For the foregoing reasons, Team Clean's motion for a more definite statement is GRANTED.

---

[2] The Funds note in their opposition that "[t]he parties had been in contact prior to the filing of the complaint and the Defendant knows the specifics of the claims."  (Dkt. No. 13, at 1.)  But that is immaterial, even if true.  The Complaint is the legally operative document, and it is its content—not the communications of the parties—that defines the scope of the litigation.

Defendants are hereby ORDERED to file, within 14 days of the date of this Opinion and Order, a more definite statement containing information sufficient to permit Team Clean to frame a responsive pleading.  Such statement shall set forth information sufficient to identify the specific agreement(s) that give rise to the claims, providing as to each the date of the agreement, its basic contents, and the parties thereto.  Alternatively, the Funds may attach copies of the agreement(s) as exhibits.  If Defendants are unable to provide this information, they shall explain why.

The Clerk is directed to close the motion at Docket No. 11.


SO ORDERED.

Dated: June 25, 2015
       New York, New York

_____
            J. PAUL OETKEN
        United States District Judge