UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND
and BUILDING SERVICE 32BJ LEGAL
SERVICES FUND,
                              Plaintiffs,            14-CV-9683 (JPO)
                -v-
                                                     OPINION AND ORDER
TEAM CLEAN, INC.,
                              Defendant.
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

Plaintiffs, Building Service 32BJ Health Fund and Building Service 32BJ Legal Services Fund ("the Funds"), bring this action against Defendant Team Clean, Inc. ("Team Clean") under §§ 502 and 515 of the Employee Retirement Income Security Act ("ERISA") and § 301 of the Labor Management Relations Act of 1947 ("LMRA"). (Dkt. No. 28.) Plaintiffs allege that Team Clean violated its collective bargaining agreements ("CBAs") with Local 32BJ, Service Employees International Union ("the Union") by failing to make required payments to the Funds and by refusing to use an electronic reporting and remittance system. Team Clean moves to dismiss this suit under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 30). For the reasons that follow, the motion to dismiss is denied.

I.      Factual Allegations

The following facts are taken from the Funds' Amended Complaint (Dkt. No. 28 ("Compl.")), and are assumed true for the purpose of this motion.[1]

The Funds are jointly administered, multi-employer trust funds established pursuant to CBAs between the Union and employers in accordance with § 302(c)(5) of the LMRA. 29

---

[1] The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

U.S.C. § 186(c)(5).  The Funds are employee benefit plans within the meaning of §§ 3(2), 3(3), and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(2)-(3), 1132(d)(1), and multi-employer plans within the meaning of §§ 3(37) and 515 of ERISA, 29 U.S.C. §§ 1002(37).  The purpose of the Funds is to receive contributions from employers that are parties to CBAs with the Union, to invest and maintain those contributions, and to distribute health, legal, annuity, and other retirement benefits to eligible employees.

The Funds allege that Team Clean is a party to various CBAs with the Union, each of which requires Team Clean to make contributions to the Funds.  The CBAs at issue govern the terms and conditions of employment for Team Clean employees at five locations: (1) Bowie State University ("Bowie State") in Bowie, Maryland; (2) the School District of Philadelphia (the "School District") in Philadelphia, Pennsylvania; (3) Keystone, a site in Philadelphia, Pennsylvania; (4) 800 Delaware Avenue, a site in Wilmington, Delaware; and (5) the Kimmel Center, the Academy of Music, and the Merriam Center (collectively, the "Centers"), three sites in Philadelphia, Pennsylvania.[2]  (Compl. ¶¶ 8-12.)  Plaintiffs allege that Team Clean has failed to pay the full benefit contributions due to the Funds under the respective CBAs.  They allege an aggregate delinquency of "no less than $40,591.61. . . for the time period of January 2008 to March 2015."  (Compl. ¶ 14.)  That aggregate amount includes unpaid principal contributions, interest, and liquidated damages.

The Funds also allege that Team Clean has failed to use an electronic reporting and remittance system (the "ESS") in violation of regulations promulgated by Trustees of the Funds.

---

[2] The CBA related to Bowie State covers the periods from July 1, 2007, to September 20, 2010, and October 1, 2010, to June 30, 2011.  The CBA related to the School District covers December 19, 2009, to December 31, 2012.  The CBA related to Keystone covers February 17, 2011, to February 1, 2012.  The CBA related to 800 Delaware Avenue covers January 1, 2012, to December 31, 2015.  The CBA related to the Centers covers October 1, 2013, to September 30, 2017.  (Compl. ¶¶ 8-12.)

(Compl. ¶ 33.)  According to the Funds, the CBAs covering Team Clean employees at two locations—Keystone and 800 Delaware Avenue—require employers to make contributions to the Funds in accordance with the "rules and regulations . . . determined by the Trustees of the fund, as provided in the Agreement and Declaration of Trust" (the "Trust Agreement").  (Compl. ¶ 30.)  Pursuant to the Trust Agreement, the Funds' Trustees promulgated a regulation requiring all contributing employers to use the ESS after January 1, 2015.  (Compl. ¶¶ 33-34.)  The Funds allege that, despite being prompted "various times" by the Funds, Team Clean has "failed and refused to participate in the ESS."  (Compl. ¶ 38.)  The Funds assert that Team Clean's failure to use the ESS causes "undue harm and hardship to the Funds" and "may result in employees being denied fringe benefits and medical insurance."  (Compl. ¶ 41.)

Based on the foregoing factual allegations, the Funds argue that Team Clean has violated both ERISA and the LMRA.  They seek recovery of unpaid contributions to the Funds, statutory damages and interest, and a court order requiring Team Clean to use the ESS.

## II.     Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  *Wilson v. Merrill Lynch & Co, Inc.*, 671 F.3d 120, 128 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Iqbal*, 556 U.S. at 678).  In determining whether this standard is satisfied, courts assume that all "factual allegations contained in the complaint" are true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and draw "all inferences in the light most favorable to the non-moving party[]."  *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (citation omitted).

**III.     Discussion**

Team Clean moves to dismiss on four grounds.  It argues, first, that the Funds have failed to establish the existence of valid CBAs for the 800 Delaware Avenue and Bowie State University locations, and second, that they have failed to plead adequate performance by the Funds with respect to all five locations.  Team Clean's third argument is that, by requesting a court order directing it to use the ESS, the Funds improperly seek equitable relief on a contract claim.  Team Clean's final argument is that the applicable statute of limitations bars any claims for relief based on its obligations to the Funds prior to December 9, 2008.  (*See* Dkt. No. 30 ("Def.'s Mot.") at 3-9.)

The first argument fails because, as the Funds make clear in their Opposition to the Motion to Dismiss, their claims arise under the LMRA rather than state contract law.  (Dkt. No. 32 ("Pl.'s Opp.") at 2.)  To form the basis for a claim under § 301 of the LMRA, a CBA need not conform "to any rigid form or type of contract."  *Trs. of Int'l. Bhd. of Teamsters Local 531 Sick & Welfare Fund v. Marangi Bros., Inc.*, 289 F. Supp. 2d 455, 462 (S.D.N.Y. 2003).  Instead, an employer can adopt a CBA, including an unsigned CBA, through conduct manifesting an intent to agree to the CBA's terms.  *Brown v. C. Volante Corp.*, 194 F. 3d 351, 354-55 (2d Cir. 1999) ("Because there is no dispute that the unsigned CBAs set forth a sufficiently detailed basis on which the payments were to be made, the only question is whether appellant's conduct manifested an intent to adopt, or agree to, the unsigned CBAs."); *Trs. of Local 1034 I.B.T. Ins. Tr. Fund v. Menna Container & Drum, Inc.*, No. 08-CV-1234, 2010 WL 890981, at *3 (E.D.N.Y. Mar. 9, 2010) (citing *Brown*, 194 F.3d at 354-56) ("[A]n employer may be found to have agreed to the terms of an expired or unsigned CBA through a course of conduct indicative of an intent to be bound by those terms.").

In this case, Team Clean contends that the CBAs for Bowie State and 800 Delaware Avenue are invalid because it did not sign them, and in the case of the Bowie State CBA, because the agreement is signed by a subcontractor. But the CBAs need not be signed by Team Clean to be valid. *Brown*, 194 F. 3d at 354-55. Assuming that all the factual allegations in the Complaint are true, and drawing all inferences in the Funds' favor, the Court concludes that Team Clean's objections to the CBAs are insufficient to defeat the Funds' LMRA claims. It may be that, after discovery, Team Clean can argue that it did not undertake a course of conduct that obliged it to pay into the Funds or use the ESS in conformity with a CBA. At this stage of the litigation, however, the Funds have presented plausible allegations that Team Clean was so bound.

Team Clean's second argument fails for largely the same reasons. Team Clean contends that the Funds have presented the CBAs in question as contracts, and as such, must plead adequate performance by the Funds to state either an LMRA or an ERISA claim. (Def's. Mot. at 5-6.) The Funds respond, again, that their claims arise under federal law rather than state contract law. (Pl.'s Opp. at 3.) The Funds argue that, as third-party beneficiaries of the CBAs, they owed no duty of performance to Team Clean. The Funds also note that, in ERISA cases, third-party beneficiaries to collective bargaining agreements not subject to traditional contract defenses. *See Benson v. Brower's Moving & Storage, Inc.*, 907 F.2d 310, 313 (2d Cir. 1990) ("Third party beneficiaries generally are subject to defenses that the promisor could raise in a suit by the promisee. . . . Collective bargaining agreements, however, are an exception to this general rule."); *see also Trs. of Local 813 Ins. Tr. Fund v. Wilner's Livery Serv., Inc.*, No 11-CV- 3180, 2012 WL 4327070, at *3 (E.D.N.Y. Sept. 19, 2012) (noting that, in *Benson*, the Second Circuit "found that, in enacting [Section 515 of ERISA], Congress intended to limit the defenses

5

available to an employer when sued by an employee benefit plan, and to permit trustees of plans to recover delinquent contributions efficaciously.")

The Funds' argument prevails. As explained above, a CBA binds an employer when that employer manifests an intent to agree to the CBA, which the Funds allege that Team Clean did. *Brown*, 194 F. 3d at 354-55. Moreover, the obligation to contribute to a benefit plan does not "depend on the existence of a valid collective bargaining agreement," and an employer cannot raise a union's breach of a CBA as a defense to an ERISA claim for delinquent contributions. *Benson*, 907 F.2d at 313-15 (2d Cir. 1990) (citations, internal quotation marks, and alterations omitted). Because Team Clean's obligation to pay into the Funds would survive inadequate performance by the Union, the Funds need not plead adequate performance to state their claims.

Team Clean's third argument concerns use of the ESS. Team Clean contends that, because the Funds present Team Clean's failure to use the ESS as a breach of contract claim, they cannot request equitable relief. (Def.'s Mot. at 7.) This argument fails for two reasons. First, the Funds' claim arises under § 301 of the LMRA, which can give rise to equitable relief. *See Aeronautical Indus. Dist. Lodge 91 of Intern. Ass'n of Machinists & Aerospace Workers v. United Tech. Corp.*, 230 F.3d 569, 579 (2d Cir. 2000) (outlining when § 301 "authorizes federal courts to issue injunctions to enforce CBAs"). Second, even state law contract claims can have equitable remedies, such as restitution and specific performance. While an order requiring Team Clean to use the ESS may not be warranted in this case, the Funds' request for such a remedy is not a reason to dismiss the claim.

Team Clean's final argument is that the New York statute of limitations for contract claims, which is six years, bars any claims for relief based on Team Clean's obligations to the Funds prior to December 9, 2008. (Def.'s Mot. at 9.) *See* N.Y. C.P.L.R. 213(2); *see also Castaldi v. River Ave. Contracting Corp.*, No. 14-CV-5435, 2015 WL 3929691, at *8 (S.D.N.Y.

6

June 22, 2015) ("In the absence of an express statute of limitations under ERISA, the Court applies the most analogous state statute of limitations, in this case, breach of contract."). The Complaint alleges delinquent contributions between an estimated period of January 2008 and March 2015. (Compl. ¶ 14.) It also states that the precise scope of Team Clean's delinquency will become clear upon discovery. (*Id.*)

It may be that, after discovery, it is evident that some part of the Funds' claim for delinquent contributions is time-barred. At this stage of the litigation, it is not clear what portion, if any, of the damages alleged arise from delinquency in the period between January and December of 2008. The Court is also unable to determine at this juncture whether the Funds' claims are subject to equitable tolling. *See Castaldi*, 2015 WL 3929691, at *9 (discussing equitable tolling in ERISA cases). Given that the Funds have not had the benefit of discovery, and that they have presented sufficient factual allegations to allow the Court "to draw the reasonable inference that [Team Clean] is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, Team Clean's final argument fails. Team Clean is, however, free to renew its statute of limitations argument through a motion for summary judgment.

## IV.   Conclusion

For the foregoing reasons, Team Clean's motion to dismiss is DENIED. The Clerk of Court is directed to close the motion at Docket Number 30.

SO ORDERED.

Dated:  January 28, 2016
        New York, New York

_____
J. PAUL OETKEN
United States District Judge